```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
   UNITED STATES OF AMERICA                  :
                                             :
              -v-                            :    06-CR-102 (JPO)
                                             :
   NATARAJAN R. VENKATARAM, a.k.a.            :    OPINION AND ORDER
   RAJU,                                     :
                                             :
                           Defendant.        :
------------------------------------------------------------X
```

J. PAUL OETKEN, District Judge:

Natarajan R. Venkataram is presently serving a 180-month sentence after pleading guilty to one count of conspiracy, *see* 18 U.S.C. § 371, one count of embezzlement, *see id.* § 666, and fourteen counts of money laundering, *see id.* § 1956. (*See* Dkt. No. 730 at 1-2.) At sentencing, Venkataram was also ordered to pay a $50,000 fine, restitution in the amount of $2,970,072, and a mandatory special assessment. (*Id.* at 5; *see also* Dkt. No. 736 at 6.) In 2006, the City of New York filed a civil suit against Venkataram for the same conduct that formed the basis of his criminal conviction. *See City of New York v. Venkataram*, No. 06 Civ. 6578, 2009 WL 1938984 (S.D.N.Y. July 7, 2009). The City was ultimately awarded $8,074,193.99 in damages in that case. *See id.* at *7, *aff'd*, 396 F. App'x 722 (2d Cir. 2010).

Proceeding *pro se*, Venkataram seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201, that money transferred to the City of New York from his accounts at the State Bank of India should go toward his restitution and forfeiture obligations in connection with this criminal case. (*See* Dkt. No. 814.) Separately, Venkataram also asks the Court to recommend that the Bureau of Prisons ("BOP") "afford [him]. . . 12 months" of placement at a halfway house "preceding the end of his sentence." (Dkt. No. 817 at 1.) (Venkataram's anticipated release date is December 31, 2017. (*Id.* at 3.))

1

The Court addresses each of these motions in turn. In considering Venkataram's requests, the Court is mindful that any "document filed pro se is to be liberally construed." *Ong v. Park Manor (Middletown Park) Rehab. & Healthcare Ctr.*, 51 F. Supp. 3d 319, 342 (S.D.N.Y. 2014) (quoting *Ahlers v. Rabinowitz,* 684 F.3d 53, 60 (2d Cir. 2012)).

**I.     Declaratory Judgment**

Venkataram asks for a declaratory judgment that a sum of money transferred by the State Bank of India to the City of New York (in connection with the City's civil case against him) should be "transferred" to the United States Treasury or otherwise counted toward his restitution and forfeiture obligations (in connection with his federal criminal conviction). (Dkt. No. 814 at 4-5, 8.) Venkataram also seeks assurance that other sums will be counted toward his restitution and forfeiture obligations. (*See* Dkt. No. 825 at 1.)

The Government represents that there is no "actual controversy" here. (Dkt. No. 824 at 2.) In fact, the Government agrees that any recovery by the City in connection with its civil case must be limited to the amount required to cover the City's losses, *see* 18 U.S.C. § 3664(f)(1)(A), and should be deducted from the outstanding restitution and forfeiture amounts in this criminal case, *see id.* § 3664(j)(2) ("Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in . . . any Federal civil proceeding; and . . . any State civil proceeding, to the extent provided by the law of the State."). (Dkt. No. 824 at 3.)

To that end, the Government represents that it has "contacted the New York City Law Department . . . to confirm that in fact the City received a sum of money" and "the precise amount received." (*Id.*) Once it receives confirmation, the Government states it will stipulate that:

> (1) [T]he Forfeiture Order in the criminal case will be vacated as to any account or accounts whose contents were turned over to the City; (2) Venkataram's money judgment in the criminal case will be credited with the amount of any funds from those accounts transferred to the City; and (3) the joint and several restitution obligations for Venkataram and his co-defendants will be reduced by the amount received by the City.

(*Id.*)

Given the Government's position, the Court denies as moot Venkataram's motion for a declaratory judgment—without prejudice to refiling—pending the Government's confirming any transfer with the City and filing a corresponding stipulation with the Court.

## II.     Halfway-House Placement

Venkataram also asks that the Court recommend a halfway-house placement for the final year of his sentence. (*See* Dkt. No. 817 at 1.)

The Bureau of Prisons has "exclusive authority to designate the facility where prisoners will serve a sentence and to order a transfer from one facility to another." *Owusu-Sakyi v. Terrell*, No. 10 Civ. 507, 2010 WL 3154833, at *5 (E.D.N.Y. Aug. 9, 2010) (quoting *Daraio v. Lappin*, No. 08 Civ. 1812, 2009 WL 303995, at *6 (D. Conn. Feb. 9, 2009)); *see* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment. . . . The Bureau may at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another."). But the BOP may consider input from the Court, including whether "the Court has . . . reason to oppose such a placement, if such a placement is determined by the BOP to be otherwise appropriate for him." *United States v. Balis*, No. 03 Cr. 1028, 2007 WL 4116166, at *3 (S.D.N.Y. Nov. 16, 2007) (Lynch, J.); *see* 18 U.S.C. § 3621(b)(4).

To that end, having reviewed the parties' submissions on this question, the Court does not oppose a halfway-house placement in this case, if such placement is deemed otherwise appropriate by the BOP. It declines, however, to independently recommend such a placement.

### III. Conclusion

For the foregoing reasons, Venkataram's motion for a declaratory judgment is DENIED as moot without prejudice to refiling. The Government shall provide a status update to the Court on or before February 1, 2017, explaining its progress in ascertaining the status of any money transfer to the City of New York.

Venkataram's motion for judicial recommendation of a halfway-house placement is GRANTED IN PART, insofar as the Court does not oppose such a placement if it is otherwise recommended by the BOP, and DENIED IN PART, in that the Court declines to independently recommend a halfway-house placement.

The Clerk of Court is directed to close the motions at Docket Numbers 814, 817, 826, and 827.

SO ORDERED.

Dated: December 12, 2016
   New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*